**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROXANNE HANCOCK on behalf of herself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT** **AND** **DEMAND FOR JURY TRIAL** |
| HF HOLDINGS, INC., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, ROXANNE HANCOCK (hereinafter "HANCOCK") on behalf of herself and all others similarly situated (hereinafter "Plaintiffs") by and through her undersigned attorneys, alleges against the above-named Defendants, HF HOLDINGS, INC., (hereinafter "HF"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and

transactions that give rise to this action occurred, in substantial part, in this district.


## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "communication"

"consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15

U.S.C. § 1692a.

5.      As used in reference to the New York Codes, Rules and Regulations ("NYCRR"),

the terms § "creditor," "communication" "consumer," "debt," and "debt collector" are

defined in 23 NYCRR § 1.1.

6.      As used in reference to the New York City Administrative Code ("NYCAC"), the

term "debt collection agency", "consumer" and "debt" are defined in § 20-489(a).


## PARTIES

7.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection

practices provides for the initiation of court proceedings to enjoin violations of the

FDCPA and to secure such equitable relief as may be appropriate in each case.

8.      Plaintiff, HANCOCK, is a natural person and a resident of New York County, State

of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

9.      HF is a foreign corporation which maintains a mailing address of PO Box, Orlando,

Florida 32859.

10.     HF's principal place of business is 1707 Orlando Central Parkway, Suite 440,

Orlando, Florida 32809

11.     HF's registered agent is Basil Hamdan, 5929 Anno Avenue, Orlando, Florida 32809

12.     Upon information and belief, Defendant HF uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

13.     Defendant HF is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

14.     Upon information and belief, HF is engaged in a business the principal purpose of which is the collection of any debts, or any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "Debt collector" as that term is defined at 23 NYCRR § 1.1(e)

15.     Upon information and belief, HF is engaged in business the principal  purpose  of which  is  to  regularly collect  or  attempt to collect debts owed or due or asserted to be owed  or due to another and shall also include a buyer of delinquent debt  who seeks  to collect  such  debt  either  directly  or  through  the  services  of  another  and  is  therefore  a "Debt collection agency" as that term is defined at NYCAC § 20-489 (a)

16.     John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose  of  substituting  names  of  defendants  whose  identities  will  be  disclosed  in discovery and should be made parties to this action


## CLASS ACTION ALLEGATIONS

17.     Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from HF which are in violation of the FDCPA, as described in this Complaint.

18.     This Action is properly maintained as a statewide class action. The Class consists

of:

> All New York State consumers who were sent initial
> collection letters and/or notices from HF, attempting to
> collect debt(s) allegedly owed to another, which included
> the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year to the filing of this Action.

19.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

20.     Upon information and belief, the Class is so numerous that joinder of all members is

impracticable because there are hundreds and/or thousands of persons who were sent debt

collection letters and/or notices from Defendants that violate specific provisions of the

FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to

hundreds of persons;

21.     There are questions of law and fact which are common to the Class and which

predominate over questions affecting any individual Class member.   These common

questions of law and fact include, without limitation:

   a.     Whether Defendants violated various provisions of the FDCPA;

   b.     Whether Plaintiff and the Class have been injured by Defendants' conduct;

   c.     Whether Plaintiff and the Class have sustained damages and are entitled to

   restitution as a result of Defendants' wrongdoing and if so, what is the proper

   measure and appropriate statutory formula to be applied in determining such

   damages and restitution; and

      d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

22.    Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

23.    Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

24.    Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

25.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

26.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

27.    Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

28.    On or before January 8, 2021, Plaintiff incurred a financial obligation to ELLE Wordworking, Inc. ("ELLE") .

29.    The ELLE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

30.    The ELLE obligation arose out of a transaction, which was for non-business purposes.

31.    ELLE is a "creditor" as define by 15 U.S.C. § 1692a(4).

32.    The ELLE obligation is a "debt" as defined by 15 U.S.C § 1692a(5).

33.    The ELLE obligation is a "debt" as defined by 23 NYCRR § 1.1(d)

34.    The Elle obligation is a "debt" as defined by NYCAC § 20-489(d).

35.    Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

36.    Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined by 23 NYCRR §1.1(c).

37.    Plaintiff at all times relevant to this lawsuit was a "consumer" as that term is defined NYCAC §20-489(c).

38.    On or before January 8, 2021, ELLE placed and/or referred the ELLE obligation with HF for the purpose of collection.

39.    At the time ELLE placed and/or referred the ELLE obligation with HF for the purpose of collection, such obligation was past due.

40.    At the time ELLE placed and/or referred the ELLE obligation with HF for the purpose of collection, such obligation was in default.

41.    On or about January 8, 2021, HF caused to be mailed to HANCOCK a letter concerning the ELLE obligation.  A copy of said letter is annexed hereto as <u>Exhibit A</u>, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

42.    The January 8, 2021 letter to HANCOCK stated in part:

> This letter is to inform you that HF Holdings, Inc. has been retained to recover the debt owed by you to our client, **Elle Woodworking** in the amount of **$10,869.79**. This notice provides you the opportunity to remit your payment to us no later than 35 days from receipt of this notice. In the event you fail to do so, our client reserves the right to pursue legal action against you and negatively affect your credit score, as permitted by law. Please be advised that if litigation becomes necessary, you may be held liable for attorney fees and court costs.

43.    The January 8, 2021 letter further stated in part:

> This is a time-sensitive matter. If you wish to avoid additional expenses, do not delay in resolving this debt. Once the deadline expires, you risk exposing yourself to further possible consequences later.  Contact our office by calling **(877) 680-6064** at your earliest convenience.

44.    The January 8, 2021 letter further stated in part:

> This communication is from a debt collector.  This is an attempt to collect a debt an any information obtained may be used for that purpose.  Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt to be valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt or any portion thereof, this office will obtain verification of the debt or copy of a judgment and mail you a copy of such verification. If so requested in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor if different from the current creditor.

45.    Upon receipt, HANCOCK read the January 8, 2021 letter.

46.    As of January 8, 2021, HANCOCK did not owe ELLE $10,869.79.

47.    As of January 8, 2021 HANCOCK owed ELLE an amount less than $10,869.79.

48.     The collection costs included in the $10,869.79, represents the contingency fee agreement between HF and ELLE rather than a pre-paid, flat fee.

49.     As of January 8, 2021 HANCOCK owed ELLE an amount less than $10,000.00.

50.     As of January 8, 2021 HANCOCK owed ELLE an amount less than $9,800.00.

51.     The January 8, 2021 letter included an amount for collection costs.

52.     HF included collection costs in the $10, 869.79 stated in the January 8, 2021 letter.

53.     As of January 8, 2021, HF had not collected any monies from HANCOCK.

54.     As of January 8, 2021, HANCOCK did not owe collection costs to ELLE.

55.     HANCOCK did not agree to pay prospective or estimated collection costs.

56.     At the time HF sent the January 8, 2021 letter, HANCOCK did not owe ELLE collection costs.

57.     At the time HF sent the January 8, 2021 letter to HANCOCK, it had not billed ELLE for collection costs, relative to the collection of the debt.

58.     At the time HF sent the January 8, 2021 letter to HANCOCK, it had not charged ELLE collection costs relative to the collection of the debt.

59.     At the time HF sent the January 8, 2021 letter to HANCOCK, ELLE had not paid collection costs to HF relative to the collection of the debt.

60.     At the time HF sent the January 8, 2021 letter to HANCOCK, ELLE had not been awarded collection costs by any Court in any jurisdiction, relating to the debt.

61.     At the time HF sent the January 8, 2021 letter to HANCOCK, HF had not filed an action in any court in any jurisdiction, related to the debt.

62.     Upon information and belief, members of the class have made payment of collection costs, which were not due and owing.

63.     The January 8, 2021 letter to HANCOCK does not contain the required disclosure pursuant to 23 NYCRR §1.2(a).

64.     The January 8, 2021 letter to HANCOCK does not contain the required disclosure pursuant to 23 NYCRR §1.2(b).

65.     When HF sent the January 8, 2021 letter it was required to be licensed under NYCAC §20-490.

66.     The January 8, 2021 letter to HANCOCK does not contain HF's New York City Department of Consumer Affairs debt collection agency license number pursuant to NYCAC §20-490.

67.     Upon information and belief, as of January 8, 2021 HF was not a licensed debt collection agency pursuant to NYCAC §20-490.

68.     Within the period beginning on the day one year prior to the date this Complaint is filed to the present, HF sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New York similar to the letter annexed hereto as Exhibit A.

69.     HF's actions as described herein are part of a pattern and practice used to collect consumer debts.

70.     HF could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

71.     It is HF's policy and practice to send initial written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

  a.     Falsely representing the character, amount, or legal status of any debt;

  b.     Threatening to take any action that cannot legally be taken or that is not intended to be taken;

  c.     Using false, deceptive or misleading representations or means in connection with the collection of any debt;

  d.     Using unfair or unconscionable means to collect or attempt to collect any debt.

  e.     Failing to accurately state the amount of the alleged debt;

  f.     Attempting to collect collection fees when no such fees were due to Defendants;

  g.     Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

  h.     Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

  i.     Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

  j.     Causing consumers to suffered a risk of economic injury.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e et seq.

72.    Plaintiff repeats the allegations contained in paragraphs 1 through 71 as if the same were set forth at length herein.

73.    Collection letters and/or notices such as those sent by HF are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

74.    HF violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

75.    HF violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debt from Plaintiff and others similarly situated.

76.    HANCOCK suffered an informational injury due to HF's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

77.    HANCOCK suffered a risk of economic injury due to HF's violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to HANCOCK.

78.    15 U.S.C. § 1692e(2)(A) states that a debt collector may not falsely represent the …amount, or legal status of any debt.

79.    By including an amount for collection costs in its January 8, 2021 letter, HF falsely represented the amount of the debt to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(2)(A).

80.    By stating in the January 8, 2021 letter that "This notice provides you the opportunity to remit your payment *to us* no later than 35 days from receipt of this notice. In the event you fail to do so, our client reserves the right to pursuant legal action against

you and negatively affect your credit score" and "Once the deadline expires, you risk exposing yourself to further possible consequences" HF falsely represented the legal status of the debt, to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(2)(A) since HF was not a licensed debt collector pursuant to NYCAC § 20-490. (emphasis added)

81.    15 U.S.C. § 1692e(5) states that a debt collector may not falsely threaten to take any action that cannot legally be taken or that is not intended to be taken.

82.    By stating in the January 8, 2021 letter that "This notice provides you the opportunity to remit your payment **to us** no later than 35 days from receipt of this notice. In the event you fail to do so, our client reserves the right to pursuant legal action against you and negatively affect your credit score." and "Once the deadline expires, you risk exposing yourself to further possible consequences", HF falsely threatened to take any action that cannot legally be taken or that is not intended to be taken, to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(5) since HF was not a licensed debt collector pursuant to NYCAC § 20-490. (emphasis added)

83.    15 U.S.C. § 1692e(10) prohibits a debt collector from using any false representation or deceptive means to collect or attempt to collect any debt.

84.    By including an amount for collection costs in its January 8, 2021 letter, HF used false representations or deceptive means to HANCOCK and other similarly situated, in violation of 15 U.S.C. § 1692e(10).

85.    By stating in the January 8, 2021 letter that "This notice provides you the opportunity to remit your payment **to us** no later than 35 days from receipt of this notice. In the event you fail to do so, our client reserves the right to pursuant legal action against

you and negatively affect your credit score." and "Once the deadline expires, you risk exposing yourself to further possible consequences", HF used false representations or deceptive means to HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692e(10) since HF was not a licensed debt collector pursuant to NYCAC § 20-490. (emphasis added)

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f et seq.

86.     Plaintiff repeats the allegations contained in paragraphs 1 through 85 as if the same were set forth at length herein.

87.     HF violated 15 U.S.C. § 1692f et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

88.     15 U.S.C. § 1692f prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

89.     15 U.S.C. § 1692f(1) prohibits debt collectors from collecting any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

90.     HANCOCK suffered an informational injury due to HF's violation of 15 U.S.C. § 1692f and § 1692f(1) of the FDCPA in connection with its communications to HANCOCK.

91.     HANCOCK suffered a risk of economic injury due to HF's violation of 15 U.S.C. §
1692f and § 1692f(1) of the FDCPA in connection with its communications to
HANCOCK.

92.     By including an amount for collection costs in its January 8, 2021 letter, HF used
unfair or unconscionable means to collect or attempt to collect any debt from
HANCOCK and others similarly situated, in violation of 15 U.S.C. § 1692f.

93.     By stating in the January 8, 2021 letter that "This notice provides you the
opportunity to remit your payment *to us* no later than 35 days from receipt of this notice.
In the event you fail to do so, our client reserves the right to pursuant legal action against
you and negatively affect your credit score." and "Once the deadline expires, you risk
exposing yourself to further possible consequences", HF used unfair or unconscionable
means to collect or attempt to collect any debt from HANCOCK and others similarly
situated, in violation of 15 U.S.C. § 1692f since HF was not a licensed debt collector
pursuant to NYCAC 20-490. (emphasis added)

94.     By including an amount for collection costs in its January 8, 2021 letter, HF
attempted to collect any amount not authorized by the agreement creating the debt or
permitted by law from HANCOCK and others similarly situated, in violation of 15 U.S.C.
§ 1692f(1).


**COUNT III**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692g et seq.**

95.     Plaintiff repeats the allegations contained in paragraphs 1 through 94 as if the same
        were set forth at length herein.

96.     HF violated 15 U.S.C. § 1692g et seq. of the FDCPA in connection with its
        communications to Plaintiff and others similarly situated.

97.     15 U.S.C. § 1692g(a)(1) states that within five days after the initial communication
        with a consumer in connection with the collection of any debt, a debt collector shall,
        unless the following information is contained in the initial communication …send the
        consumer a written notice contain the….amount of the debt.

98.     HANCOCK suffered an informational injury due to HF's violation of 15 U.S.C. §
        1692g(a)(1) of the FDCPA in connection with its communications to HANCOCK.

99.     HANCOCK suffered a risk of economic injury due to HF's violation of 15 U.S.C.
        1692g(a)(1) of the FDCPA in connection with its communications to HANCOCK.

100.    By including an amount for collection costs in its January 8, 2021 letter, HF failed
        to provide the proper notice to HANCOCK and others similarly situated, in violation of
        15 U.S.C. § 1692g(a)(1).

101.    Congress enacted the FDCPA in part to eliminate abusive debt collection practices
        by debt collectors.

102.    Plaintiff and others similarly situated have a right to free from abusive debt
        collection practices by debt collectors.

103.    Plaintiff and others similarly situated have a right to receive proper notices
        mandated by the FDCPA.

104.    Plaintiff and others similarly situated were sent letters, which have the propensity to
        affect their decision-making with regard to the debt.

105.    Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

106.    Plaintiff has suffered damages and other harm as a direct result of Defendants' actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against HF as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., and Benjamin J. Wolf, Esq. as Class Counsel;

(b)    Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c)    Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d)    Awarding Plaintiff and the Class statutory damages;

(e)    Awarding Plaintiff and the Class actual damages;

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(g)    Awarding pre-judgment interest and post-judgment interest; and

(h)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.


Dated: New York, New York
        February 21, 2021

*/s/ Joseph K. Jones*

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
jkj@legaljones.com

*/s/ Benjamin J. Wolf*

Benjamin J. Wolf, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Place
60 East 42nd Street, 46th Floor
New York, New York 101065
(646) 459-7971 telephone
(646) 459-7973 facsimile
bwolf@legaljones.com

*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*/s/ Joseph K. Jones*

Joseph K. Jones

# Exhibit

# A

# HF Holdings, Inc.
PO Box 593080
Orlando, FL 32859

Voice: (877) 680-6064
Fax: (877) 680-7749

DATE: 01/08/2021

Roxanne Hancock

███████████████

Client: Elle Woodworking
Account #: ███22

Dear Roxanne Hancock,

This letter is to inform you that HF Holdings, Inc. has been retained to recover the
debt owed by you to our client, **Elle Woodworking** in the amount of **$10,869.79**.
This notice provides you the opportunity to remit your payment to us no later than
35 days from receipt of this notice. In the event you fail to do so, our client reserves
the right to pursue legal action against you and negatively affect your credit score, as
permitted by law. Please be advised that if litigation becomes necessary, you may be
held liable for attorney fees and court costs.

You may mail your payment, payable to HF Holdings, Inc. to our office address listed
above in the letterhead or **pay online by visiting https://hfholdingsinc.com/make-
a-payment.**

This is a time-sensitive matter. If you wish to avoid additional expenses, do not delay
in resolving this debt. Once the deadline expires, you risk exposing yourself to further
possible consequences later. Contact our office by calling **(877) 680-6064** at your
earliest convenience.

Sincerely,
HF Holdings, Inc.

**This communication is from a debt collector. This is an attempt to collect a debt an any
information obtained may be used for that purpose. Unless you notify this office within 30
days after receiving this notice that you dispute the validity of the debt or any portion thereof,
this office will assume the debt to be valid. If you notify this office in writing within 30 days
after receiving this notice that you dispute this debt or any portion thereof, this office will
obtain verification of the debt or copy of a judgment and mail you a copy of such verification.
If so requested in writing within 30 days after receiving this notice this office will provide you
with the name and address of the original creditor if different from the current creditor.**