```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                                         :
Roxanne Hancock,                                         :
*on behalf of herself and all others similarly*          :
*situated*                                               :
                                    Plaintiff,           :        21-cv-1812 (VSB)
                                                         :
                    -against-                            :        **ORDER**
                                                         :
HF HOLDINGS, INC., et al.,                               :
                                                         :
                                    Defendants.          :
                                                         :
---------------------------------------------------------X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

      Plaintiff filed this Fair Debt Collection Practices Act ("FDCPA") case on March 2, 2021 as a putative class action. (Doc. 1.) Defendant HF Holdings, Inc. ("Defendant") has failed to answer or appear, and on May 5, 2021, Plaintiff obtained a certificate of default. (Doc. 11.) On May 6, 2021, Plaintiff filed a letter motion requesting expedited discovery pursuant to Federal Rule of Civil Procedure 26(d). (Doc. 12.) Thereafter, I directed Plaintiff to file a letter detailing why good cause exists for her request, especially in light of the fact that Plaintiff has already obtained a certificate of default. (Doc. 13.) On May 13, 2021, Plaintiff filed a letter explaining that Plaintiff seeks permission to serve discovery demands "in order establish certain requirements under the FDCPA and Rule 23 including, but not limited to, the net worth of Defendant and numerosity (i.e. based on the number of letters sent to the putative class)." (Doc. 14.) Plaintiff states that she would then be in a position to move for class certification and for a default judgment. (*Id.* at 2.) Plaintiff explains that if she is precluded from serving discovery demands, "Defendant obtains a windfall through defaulting as Plaintiff will be forced to move for a default judgment on an individual as opposed to a class basis," and therefore Plaintiff has

good cause for her request. (*Id.*)

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except in certain circumstances including when authorized by court order. "Courts in this district have applied a flexible standard of reasonableness and good cause in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (internal quotation marks omitted) (collecting cases). Plaintiff cites to cases outside of this Circuit where "courts have found good cause where a defendant defaulted and absent limited discovery to obtain information relevant to the issues of class certification and damages, the plaintiff cannot pursue his claims in this action. Since the defendant has not appeared in this action and is in default, the plaintiff is effectively precluded from engaging in a Rule 26(f) conference." (Doc. 14 at 2) (citing *Obeidallah v. Anglin*, No. 2:17-CV-720, 2018 WL 6715372, at *2 (S.D. Ohio Dec. 21, 2018) (collecting cases) (internal quotation marks omitted)). In *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521–22 (E.D. Wis. 2007), a putative class action where defendant was in default—facts very similar to those currently before me—a court in the Eastern District of Wisconsin found good cause for limited discovery as to class certification and damages. Because Defendant has not appeared in this case, Plaintiff "is effectively precluded from engaging in a Rule 26(f) conference," *Obeidallah*, 2018 WL 6715372, at *2, and without limited discovery Plaintiff will be unable to move for default on a class-wide basis, I find that Plaintiff has established good cause for her request.[1] Accordingly, Plaintiff's request is GRANTED to the extent that she may seek limited discovery from

---

[1] I note that this would be a different situation if Plaintiff only intended to move for default on an individual basis. In that instance, default judgment could be entered as to liability, and limited discovery could then be taken in connection with an inquest on damages.

Defendant to obtain information reasonably calculated to lead to the discovery of admissible evidence on the issues of class certification and damages. I will be issuing an order referring this case to Magistrate Judge Stewart D. Aaron who will oversee the discovery process. The Clerk of Court is respectfully directed to close the open motion at docket entry 12.

SO ORDERED.

Dated: May 28, 2021
      New York, New York

_____
Vernon S. Broderick
United States District Judge